IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SOUTH CAROLINA MUNICIPAL INSURANCE AND RISK FINANCING FUND, | ) ) ) ) | Civil Action No. 2:16-cv-00157-PMD |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| CITY OF GEORGETOWN and RSUI INDEMNITY COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT RSUI INDEMNITY COMPANY TO REALIGN PARTIES

Defendant RSUI Indemnity Company ("RSUI") respectfully submits this memorandum of law in support of its motion to realign the parties to show that South Carolina Municipal Insurance and Risk Financing Fund ("SCMIRF") and City of Georgetown ("City") are plaintiffs and RSUI is the sole defendant, as follows:

### I.     OVERVIEW OF THE CASE

This is an action for declaratory judgment brought by SCMIRF for the purpose of obtaining a judicial declaration that a property coverage insurance contract issued by SCMIRF to City, as well as a policy of property reinsurance issued by RSUI to SCMIRF and City, which policy follows form to the SCMIRF contract except where different, provides coverage for costs to replace the foundations of two City properties, City Hall and Fire Station No. 1. RSUI has denied coverage on the ground that the SCMIRF contract, and therefore the following form RSUI policy, expressly states that it does not provide such coverage.

As will be shown below, City is not properly a defendant in this action and should be realigned as a plaintiff. Plaintiff SCMIRF has no desire or expectation of any recovery from City; rather, SCMIRF's and City's interests are identical – *i.e.,* both want a judicial declaration that the SCMIRF contract provides coverage for the cost of replacing the foundations of City's buildings, which declaration they contend will mean the RSUI following form policy must provide coverage for these costs in excess of $1 million. SCMIRF is seeking a recovery *for* City, not against it.

Moreover, the interests and positions of SCMIRF and City are adverse to the interests and positions of RSUI, and for this reason SCMIRF and City should be plaintiffs and RSUI should be the sole defendant. RSUI has denied that the SCMIRF contract, and therefore the RSUI following form policy, provides coverage to replace the buildings' foundations. SCMIRF on behalf of City has taken the position that its contract, and therefore the RSUI policy, provides such coverage. The parties currently are misaligned and should be realigned to reflect their actual interests in the matter at issue in this action.

## II.   STATEMENT OF FACTS

SCMIRF is an unincorporated risk financing fund sponsored by the Municipal Association of South Carolina ("MASC").[1] SCMIRF's members are South Carolina municipalities including City.[2] SCMIRF provides a program of property and liability coverage

---

[1] See, complaint of SCMIRF, para. 1, stating that SCMIRF is an unincorporated entity sponsored by the Municipal Association of South Carolina for the purpose of providing liability risk-sharing among its members, and that the property coverage provided by SCMIRF covers buildings owned by the municipalities that participate in SCMIRF's program.

[2] See the website of MASC, which states that its members are "100 percent of the 235 cities and towns" of South Carolina. http://www.masc.sc/about/the-association/history.

to which its members contribute.[3] The SCMIRF program is reinsured by RSUI with a deductible of $1 million, meaning that SCMIRF pays the first $1 million of a covered claim and RSUI pays the remainder up to its coverage limits.[4] SCMIRF provides claims adjusting services to its members, including City, and maintains a staff of attorneys to assist its members in legal matters related to coverage.[5]

In 2011, SCMIRF issued a property and liability coverage insurance contract to its members, including City ("the SCMIRF contract"). The SCMIRF contract was effective January 1, 2011 to January 1, 2012, and provided property coverage for the stated values of the covered properties, subject to the provisions, conditions, limitations and exclusions of the SCMIRF contract. A true and correct copy of the property portion of the SCMIRF contract is attached to the motion of RSUI to realign parties as Exhibit "A." The SCMIRF contract states that, "[n]o coverage exists under this Section II (Property) for any of the following property: … Brick, stone, or concrete foundations, piers, or other supports all of which are below the undersurface of the lowest basement floor of each building or section, or when there is no basement, which are below the surface of the ground," or "[c]ost of excavations, grading, backfilling, or filling." See, Ex. A, SCMIRF contract, p. 16.

---

[3] The MASC website states that, "[t]he Association offers two self-funded insurance programs to South Carolina local governments." http://www.masc.sc/programs/insurance-and-risk-management, and, "SCMIRF provides all lines of property and casualty coverage including tort liability and automobile coverage for its member municipalities." http://www.masc.sc/programs/insurance-and-risk-management/south-carolina-municipal-insurance-and-risk-financing-fund.

[4] See, RSUI property policy attached as Exhibit "B" to RSUI's motion to realign parties.

[5] "The claims department is staffed by a claims manager and three senior adjusters. … In addition, board approved defense attorneys are always available to assist with high profile claims or to defend any litigated matters." http://www.masc.sc/pages/programs/solutions/insurance/scmirf/ SCMIRFclaimsinformation.aspx

3

In 2011, RSUI issued a property reinsurance policy to SCMIRF and its members, including City, policy number NHT369984 ("the RSUI policy"), attached as Exhibit "B" to RSUI's motion to realign parties. The RSUI policy was effective January 1, 2011 to January 1, 2012, and followed form to the SCMIRF contract except where written to be different. The RSUI policy provided coverage for property damages to covered property in excess of a $1 million deductible, up to the designated RSUI policy's coverage limits.[6]

Following a de-watering incident in Georgetown, South Carolina in 2011, SCMIRF and its representatives, on behalf of SCMIRF and City, made a claim against the RSUI policy for damages allegedly suffered by two of City's buildings, City Hall and Fire Station No. 1.[7] Specifically, SCMIRF and City made a claim for the costs in excess of $1 million to replace the foundations of the damaged buildings. The estimated costs of replacing the buildings' foundations are "well in excess of $1,000,000.00." Compl., para. 10.

SCMIRF and its representatives, including its insurance broker Willis, communicated with representatives of RSUI to assert the position of SCMIRF that the costs to replace the foundations of City's buildings were covered by the SCMIRF contract and the RSUI following form policy. Ex. C, Steber Affidavit, paras. 4-5. SCMIRF's representative stated that SCMIRF had obtained a legal opinion supporting its position. *Id.*, para. 5.

RSUI denied coverage for the costs to replace the foundations of City's buildings. Ex. C, Steber Affidavit, para. 6. RSUI contended that, while some of the damages to the above-ground portions of the buildings were covered, the covered damages did not exceed the $1 million

---

[6] See, Ex. B, pg. 2 of 9 of portion of RSUI policy titled, Insurance Policy for South Carolina Municipal Insurance and Risk Financing Fund, which states "7. Deductible: The Insurer shall be liable … excess of USD1,000,000 Pool Retention…."

[7] See, affidavit of Joel Steber attached as Exhibit "C" to the motion of RSUI to realign parties.

deductible, and there was no coverage under the SCMIRF contract or the RSUI policy for the costs to replace the buildings' foundations. Thus, the RSUI policy was not implicated.

On December 10, 2015, SCMIRF filed this declaratory judgment action in the Georgetown County Court of Common Pleas for the Fifteenth Judicial Circuit of the State of South Carolina, naming RSUI and City as defendants. See, complaint, attached as an exhibit to RSUI' notice of removal. (Docket Entry No. 1). On January 15, 2016, RSUI timely removed the action to this Court on the ground of diversity, because the City was improperly joined as a defendant. RSUI stated in its notice of removal that the parties should be realigned so that SCMIRF and City are plaintiffs and RSUI is the sole defendant. In that event, diversity jurisdiction will be proper in federal court because the amount in controversy exceeds $75,000.00.

The complaint states that SCMIRF has made a claim under the RSUI reinsurance policy for payment of City's damages in excess of $1 million. Complaint, para. 11. By virtue of having made a claim under the RSUI policy, SCMIRF contended that coverage exists under its contract as well as the RSUI following form policy for the costs to replace the foundations of City's buildings.[8] SCMIRF's complaint states that RSUI has declined coverage and that City disagrees with RSUI's declination of coverage. Compl., para. 14. Thus, the complaint of SCMIRF shows on its face that both SCMIRF and City claim that coverage exists for City's losses, while RSUI denies that coverage exists.

Although SCMIRF's complaint names City as a defendant, it does not seek any relief from City, but rather, it seeks a judicial declaration regarding coverage under its contract and the RSUI policy. Complaint, p. 3, prayer for relief. In light of SCMIRF's stated position that its

---

[8] That SCMIRF makes this contention is not in doubt, given the letters from its representative Willis. See, attachments to affidavit of Joel Steber.

5

contract provides coverage for the cost to replace the foundations of City's buildings, it is clear that SCMIRF's request for a judicial declaration is intended to work in City's favor with respect to insurance coverage under the RSUI policy.

### III.   ARGUMENT AND CITATION OF AUTHORITY

The United States Supreme Court has held that, "[w]hether parties are truly diverse must be determined by the courts based on "the principal purpose of the suit." *City of Indianapolis v. Chase Nat. Bank,* 314 U.S. 63, 69, 62 S. Ct. 15, 86 L. Ed. 47 (1941) (citation omitted). The Fourth Circuit has held that, "[a]pplication of the principal purpose test entails two steps. First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue. If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist." *Beaufort Cty. Sch. Dist. v. United Nat. Ins. Co.,* 519 F. Supp. 2d 609, 616 (D.S.C. 2007) (citing *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.,* 48 F.3d 131, 133 (4th Cir.1995)). The Fourth Circuit has adopted the principal purpose test for determining whether the parties should be realigned. See, *Palisades Collections LLC v. Shorts,* 552 F.3d 327, 337 (4th Cir.2008); *U.S. Fid. & Guar.,* supra.; *Gressette v. Sunset Grille, Inc.,* 447 F.Supp.2d 533, 536 (D.S.C.2006) (following the two-step principal purpose test in order to realign the parties, establish diversity jurisdiction, and deny plaintiff's motion to remand the case to state court). "The principal purpose test, however, does not require the [C]ourt to determine whether adversarial elements exist between parties. The relevant inquiry is to determine the parties' positions with respect to the primary issue in this case, not whether the parties are adversaries in another matter pending before another court." *Marsh v. Cincinnati Ins. Co.,* No. 4:08CV2441–RBH, 2008 WL 4614289, at *2 (D.S.C. Oct. 15, 2008) (unpublished). See also, *United States Fid. & Guar. Co.,*

6

48 F.3d at 134 ("dispute among [multiple] insurers is secondary to whether the insurers are liable to [insured plaintiff] and is hypothetical until the insurers' liability is determined").

In this case, the principal purpose of SCMIRF's complaint for declaratory judgment is to determine whether the SCMIRF contract provides coverage for the costs to replace the below-ground foundations of covered buildings, so that the RSUI following form policy will, or will not, have to pay those costs in excess of $1 million. Thus, the first part of the "principal purpose" test has been met. The second part of the test also has been met, as it is clear that SCMIRF and City are aligned on one side of the coverage dispute, while RSUI is on the other side. Before litigation, SCMIRF made a demand against RSUI for payment of the costs to repair the foundations of City's buildings in excess of $1 million, RSUI denied the claim, and City disagreed with RSUI's denial. Compl., paras. 11-12, 14. Thus, SCMIRF's and City's positions regarding the coverage issue are identical, while RSUI's position is the opposite. It is further evident from the pre-suit correspondence between SCMIRF's representative and RSUI's representative that SCMIRF and City are aligned in their coverage position and interests, and adverse to RSUI. See *Beaufort Cty. Sch. Dist. v. United Nat. Ins. Co.*, 519 F. Supp. 2d 609, 617 (D.S.C. 2007) ("This, viewed in concert with the rest of the record in the case, clearly demonstrates that there is no issue of dispute between SCSBIT and United, and both Defendants have a substantial interest in determining that the settlements constitute a single claim and not seven distinct claims.").[9]

## IV.   CONCLUSION

In this action for declaratory judgment, the interests of SCMIRF and its member, City, on whose behalf SCMIRF has been acting, are identical – *i.e.,* SCMIRF and City have an interest in

---

[9] In *Beaufort Cty.,* the court found that the defendants were properly aligned with one another; however, in this case application of the principal purpose test leads to the opposite result.

the Court ruling that the SCMIRF contract, and therefore the RSUI following form policy, provides coverage to replace the foundations of City's buildings. SCMIRF and City therefore are not adverse to one another; rather, they both seek relief from RSUI and they therefore should be aligned as plaintiffs against defendant RSUI.

WHEREFORE, RSUI Indemnity Company requests that the Court realign the parties so that SCMIRF and City are plaintiffs in this action and RSUI is the sole defendant.

Respectfully submitted this 19th day of January, 2016.

>*/s/ Charles J. Baker, III*
>CHARLES J. BAKER III
>Fed. ID No. 1165
>WOMBLE, CARLYLE,
>SANDRIDGE & RICE, LLP
>5 Exchange Street
>Charleston, South Carolina 29401
>Tel: (843) 722-3400
>Fax: (843) 723-7398
>cbaker@wcsr.com
>
>-and-
>
>WAYNE D. TAYLOR
>Georgia Bar No. 701275
>*To be admitted pro hac vice*
>ANNE M. LANDRUM
>Georgia Bar No. 433990
>*To be admitted pro hac vice*
>MOZLEY, FINLAYSON & LOGGINS LLP
>One Premier Plaza, Suite 900
>5605 Glenridge Drive
>Atlanta, Georgia 30342
>Tel: (404) 256-0700
>Fax: (404) 250-9355
>wtaylor@mfllaw.com
>alandrum@mfllaw.com
>
>*Attorneys for Defendant RSUI Indemnity Company*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SOUTH CAROLINA MUNICIPAL INSURANCE AND RISK FINANCING FUND, | ) ) ) ) | Civil Action No. 2:16-cv-00157-PMD |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CITY OF GEORGETOWN and RSUI INDEMNITY COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2016, I electronically filed the foregoing **MEMORNDUM OF LAW IN SUPPORT OF MOTION OF RSUI INDEMNITY COMPANY TO REALIGN THE PARTIES** using the Court's CM/ECF System and served a true and correct copy of same via U.S. Mail, postage prepaid, on the following counsel of record:

Charles R. Norris
Robert W. Whelan
151 Meeting Street, Sixth Floor
Post Office Box 1806
Charleston, SC 29401-2239
*Attorney for Plaintiff South Carolina Municipal Insurance and Risk Financing Fund*

City of Georgetown
120 N. Fraser Street
Georgetown, SC 29440

*/s/ Charles J. Baker, III*
CHARLES J. BAKER III

9