# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Municipal Insurance and Risk Financing Fund, ) ) ) ) Plaintiff, ) ) v. ) ) City of Georgetown and RSUI Indemnity ) Company, ) ) Defendants. ) ) | C.A. No.: 2:16-cv-157-PMD<br><br>**ORDER** |

This matter is before the Court on Defendant RSUI Indemnity Company's ("RSUI") Motion to Realign the Parties (ECF No. 6). For the reasons set forth herein, RSUI's motion is denied.

## **BACKGROUND**

This action arises out of Plaintiff South Carolina Municipal Insurance and Risk Financing Fund's ("SCMIRF") request for a declaratory judgment that it originally filed in South Carolina state court. SCMIRF insures a number of South Carolina municipalities, including the City of Georgetown. In its complaint, SCMIRF asks the Court to determine whether an insurance policy it issued to the City provides coverage for property damage to Georgetown City Hall and Georgetown Fire Station #1 that occurred in 2011. In the event that SCMIRF's policy covers the property damage to those buildings, RSUI's excess insurance policy insuring SCMIRF against the risk of paying claims to the City is implicated to the extent that the property damage exceeds the applicable deductible, $1,000,000.00. SCMIRF asks the Court to determine whether the damages to the City's buildings are covered by its policy.

## PROCEDURAL HISTORY

SCMIRF filed this case in state court on December 10, 2015. On January 15, 2016, RSUI removed the case to this Court. It filed this motion four days later. SCMIRF responded on January 27, and the City responded on February 2. RSUI replied on February 3 and February 11. This matter is now ripe for consideration.

## LEGAL STANDARD

Motions to realign are governed by the principal purpose test. *See U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 132 (4th Cir. 1995).

> Application of the principal purpose test entails two steps. First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue. If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist.

*Id.* at 133.

## DISCUSSION

The principal purpose of this case is to determine whether SCMIRF's insurance policy covers the City's property damage loss. Thus, the Court must determine whether RSUI's requested alignment conforms to the parties' positions on that issue. Here, RSUI contends it should be aligned in opposition to SCMIRF and the City. The Court finds that contention untenable. To align the parties that way, the Court would have to find that SCMIRF and the City were on the same side of the principal issue—whether the City's property damage is covered by the policies. Based on the parties' filings, that is not the case. Instead, SCMIRF has repeatedly stated that it is neutral on the question of coverage. In fact, the City has even asserted a counterclaim against SCMIRF for breach of contract of insurance for failure to pay. SCMIRF denies that claim in its answer.

Although RSUI has introduced some evidence outside of the pleadings that SCMIRF might intend to treat the City's losses as covered under its policy, the Court may not consider that evidence. *See id.* ("Antagonism between parties should be resolved by the pleadings and the nature of the controversy.") (citing *Smith v. Sperling*, 345 U.S. 91, 97 (1957)). SCMIRF's pleadings indicate that it has not made a determination as to coverage under its policy and for that precise reason it seeks a declaratory judgment.[1] In the face of a neutral request for a declaratory judgment, the Court has not been presented with a compelling reason that the insurer, SCMIRF, should be aligned with its insured. Accordingly, the Court denies RSUI's motion to realign the parties.

The outcome of RSUI's motion is dispositive on the question of the Court's diversity jurisdiction. The only arrangement of the parties that would create diversity jurisdiction is the alignment requested by RSUI. Having concluded that RSUI's motion must be denied, there is no need for the Court to review the currently pending motions to remand. Due to the Court's lack of diversity jurisdiction, this case is remanded to the South Carolina state court. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

---

1. The Court recognizes that SCMIRF has made a claim under its RSUI policy. Despite RSUI's contention to the contrary, the Court cannot conclude that such a claim is tantamount to an admission of coverage under its own policy. RSUI offers one of many possible reasons why SCMIRF might make a claim on its policy with RSUI. Additionally, a dispute between the insurers is subordinate to the principal issue of whether SCMIRF's policy covers the losses suffered by the City. *Cf. U.S. Fid. & Guar. Co.*, 48 F.3d at 134 (finding contribution dispute among insurers ancillary to principal issue of whether the insured had coverage from any of those insurers).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that RSUI's Motion to Realign the Parties is **DENIED** and that this case is hereby **REMANDED**.

    **AND IT IS SO ORDERED.**

                                              PATRICK MICHAEL DUFFY
                                              United States District Judge

**April 11, 2016**
**Charleston, South Carolina**